USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE RESOURCE GROUP INTERNATIONAL LIMITED, TRG PAKINSTAN LIMITED, MOHAMMED KHAISHGI, AND HASNAIN ASLAM,

                    Plaintiffs,

- against -

MUHAMMAD ZIAULLAH KHAN CHISHTI,

                    Defendant.

23 Civ. 01760 (LLS)

ORDER

Plaintiffs The Resource Group International Limited, Mohammed Khaishgi, Hasnain Aslam, and TRG Pakistan Limited (collectively, "Resource Group") move for Leave to File a Supplemental Complaint that addresses defendant Chishti's recent suit filed in Pakistan on June 14, 2024 (the "Pakistan Suit") which allegedly brings the same, or substantially similar, claims to those brought against Resource Group in the JAMS arbitration that gave rise to Resource Group's original Complaint in this Court. E.g., Dkt. No. 105, Ex. A at ¶ 31.

Resource Group's proposed Supplemental Complaint seeks (1) declaratory judgment that the claims in the Pakistan Suit are barred by the Release Agreement; (2) alternatively, declaratory judgment that if the claims in the Pakistan Suit are not barred by the Release Agreement, then Chishti is prohibited from bringing the claims outside arbitration; (3) injunctive relief barring Chishti from proceeding with the Pakistan Suit; (4) a

1

determination that Chishti breached the Release Agreement and related damages; (5) costs and attorneys' fees incurred in this action and in the Pakistan Suit; and (5) such other and further relief as this Court deems just and proper. Dkt. No. 105, Ex. A.

Federal Rule of Civil Procedure 15(d) states, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "Absent undue delay, bad faith, dilatory tactics, and undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Second Circuit has stressed that leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading. Id.

Here, the Pakistan Suit was filed after the initial action commenced in this Court, and the Pakistan Suit addresses the factual situation that gave rise to the JAMS arbitration that is the subject of the original pleading.

Chishti argues that allowing Resource Group to file its Supplemental Complaint would further delay the proceedings in this case. However, the Court's allowance of this Supplemental Complaint would not delay the present proceedings in this case,

which are moving on an expedited basis and have deadlines in place. Furthermore, Chishti has stated that the Court's resolution of the current case will resolve the need for his Pakistan suit. E.g., Chishti Memo in Opp. to Mot. for Leave ("Chishti Opp.") (Dkt. No. 120) at 2.

Chishti next argues that allowing the Supplemental Complaint is fundamentally unfair because Resource Group has sought and received preliminary injunctive relief in Pakistan for matters that even Resource Group acknowledges should be in arbitration. Chishti Opp. at 3. However, those actions are not presently before this Court, and the debate over whether Resource Group has acted hypocritically is not determinative of Resource Group's present motion.

Chishti also argues that the Pakistan Suit is necessary to maintain the status quo while this Court determines the original case. However, the necessity of the Pakistan Suit relates to the merits of Resource Group's Supplemental Complaint, not whether Resource Group should be granted leave to supplement.

Resource Group's Motion for Leave to File a Supplemental Complaint is granted.

In the interest of fairness, Chishti may submit a revised opposition to Resource Group's Motion for a Preliminary Injunction based on the Supplemental Complaint by September 9, 2024. Should Resource Group believe that an updated reply is

3

necessary, it may so inform the Court upon receipt of Chishti's Opposition.

To promote expediency, Resource Group is directed to submit a Proposed Preliminary Injunction Order by September 9, 2024.

So Ordered.

Dated:   New York, New York
         August 28, 2024

                                          _Louis L. Stanton_
                                             LOUIS L. STANTON
                                                 U.S.D.J.