ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE RESOURCE GROUP INTERNATIONAL LIMITED, TRG PAKISTAN LIMITED, MOHAMMED KHAISHGI, AND HASNAIN ASLAM,

      Plaintiffs,

- against -

MUHAMMAD ZIAULLAH KHAN CHISHTI,

      Defendant.

---

23 Civ. 01760 (LLS)

ORDER

In accordance with the order of the United States Court of Appeals for the Second Circuit's direction to "determine the scope of the Release Agreement and thereby consider which claims are arbitrable in the first instance for purposes of ruling on the preliminary injunction." Res. Grp. Int'l Ltd. v. Chishti, 91 F.4th 107, 115 (2d Cir. 2024), I have considered the underlying but dispositive question of whether the Release Agreement prevents the particular claims from being litigated or arbitrated, and reached the following conclusions:

1. Whether the Fourth and Ninth Claims pre-date the Release Agreement, and decided that they do not.  The action underlying Chishti's Fourth and Ninth claims is Greentree's (a subsidiary of The Resource Group International Limited) purchase of TRG Pakistan Limited's shares, which commenced in March 2022.  This post-dates the Release Agreement.

Thus, those claims were not repurchased and thus barred from litigation or arbitration by the Release Agreement. Other considerations may make them unsuitable for arbitration, but that is a question for the arbitrator, as are most of the issues under consideration.

2. Whether this Court has subject matter jurisdiction to determine whether Chishti's Second Amended Demand ("Second Demand") is arbitrable, and decided that the answer to this highly abstract question is that I do. However, the significant question is whether the Second Demand is arbitrable and that is a question for the arbitrator. Judge Francis may admit the demand or not. However, that is not controlled by the Release Agreement. Since Chishti did not timely file his Second Demand, only the arbitrator can decide to admit the demand, and at least at present he has excluded it. Chishti has requested a declaratory judgment on this point, based upon speculation about what the arbitrator will do, which is an insufficient basis for such a judgment. At least some of the claims were post-Release Agreement, and thus are not barred from litigation or arbitration. However, whether they are arbitrable is purely a decision for Judge Francis.

3. Whether the Release Agreement bars Chishti's derivative claims. In the Release Agreement Chishti waived his right

- 2 -

- 3 -

to his own derivative claims. Since he no longer has one, he cannot represent derivative claim holders. His release of his own claims did not waive claims of other derivative claim holders, and a new volunteer representative could bring the claims, which actually belong to the corporation. Nothing in the Release Agreement bars them from being litigated or arbitrated by another shareholder.

There are other factors at play in the question of arbitrability of Chishti's claims, but they are for the arbitrator to decide, which he is well qualified to do.

So ordered.

Dated:   New York, New York
         October 9, 2024

*Louis L. Stanton*

LOUIS L. STANTON

U.S.D.J.