ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE RESOURCE GROUP INTERNATIONAL
LIMITED, TRG PAKISTAN LIMITED,
MOHAMMED KHAISHGI, AND HASNAIN
ASLAM,

                    Plaintiffs,

        - against -

MUHAMMAD ZIAULLAH KHAN CHISHTI,

                    Defendant.

---

23 Civ. 01760 (LLS)

ORDER

    Plaintiffs The Resource Group International Limited, TRG Pakistan Limited, Mohammed Khaishgi, and Hasnain Aslam (collectively, "The Resource Group") move for reconsideration of the Court's October 9, 2024 Order (Dkt. No. 151) ("Order"), which held that the Fourth and Ninth claims in defendant's First Amended Demand for Arbitration post-date the Release Agreement and thus are arbitrable.

    The limited grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal quotations and citations omitted). Reconsideration motions are not an opportunity for "taking a 'second bite at the apple.'" Sequa

Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998). Rather, reconsideration will generally be denied absent controlling decisions or data "that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Court declines to grant the motion for reconsideration, but it takes the opportunity to clarify its Order.

The Resource Group has not provided any new evidence or intervening controlling law, nor has it demonstrated that a ruling that the Fourth and Ninth claims post-date the Release Agreement is a manifest injustice. Instead, The Resource Group alleges that reconsideration is warranted because Greentree, a subsidiary of The Resource Group International Limited, purchased TRG Pakistan Limited ("TRG-P") shares in December 2021, before defendant signed the Release Agreement. (Dkt. Nos. 152-53).

The Court decided the Fourth and Ninth claims were arbitrable because the First Amended Demand for Arbitration alleged Greentree acquired TRG-P shares "in or around March 2022," after defendant signed the Release Agreement. (Dkt. No. 68-1). The Court acknowledges Greentree also acquired shares in December 2021 and ultimately acquired approximately 28 percent of TRG-P shares in May 2022. The Fourth claim alleges plaintiff

violated Section 86(2) of the 2017 Companies Act and Section 111 of the 2015 Securities Act when "TRG-I, through its wholly-owned subsidiary Greentree, purchas[ed] slightly more than 28% of the outstanding shares of TRG-P," which caused GEM-II, a party to the Stock Purchase Agreement, "to indirectly acquire – through TRG-I and Greentree – over 30% of voting control of TRG-P." Id. at 72-73.  Similarly, the Ninth claim alleges plaintiff violated applicable laws, including the 2017 Companies Act, by engaging in a "scheme to transfer control of the entities to GEM-II" and "to surrender TRG-P's historic control over TRG-I's board." Id. at 88-89. The share acquisitions underlying these allegations occurred in at least December 2021, March 2022, and May 2022, but Greentree did not acquire the 28 percent of shares critical to the alleged scheme to transfer control until May 2022 – after defendant signed the Release Agreement. Thus, the December 2021 share purchase is not evidence that might reasonably be expected to alter the Court's conclusion that the actions alleged in the Fourth and Ninth claims post-date the Release Agreement and are arbitrable.

    So Ordered.

Dated: New York, New York
      December 3, 2024

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.