ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/25

**MEMORANDUM ENDORSEMENT**

The Resource Group International Limited et al. v. Chishti,
23 Civ. 01760 (LLS)

Defendant Muhammad Ziaullah Khan Chishti moves to amend his
Counterclaim pursuant to Federal Rules of Civil Procedure
15(a)(2) and 20 by adding two new defendants and bringing the
operative arbitration demand before this Court. (Dkt. No. 167).
Those applications are granted.

Pursuant to Judge Francis's July 23, 2025 Order, the parties
may also move for a determination regarding whether Mr.
Chishti's claims in the Second Amended Demand for Arbitration
survive the Release Agreement. Plaintiffs filed a motion on this
issue on September 29, 2025, and the parties are asked to
complete their responsive submissions by October 20, 2025. (Dkt.
No. 171).

In July 2025, Judge Francis instructed Mr. Chishti to bring
these issues before this Court "no later than August 29, 2025."
(Dkt. No. 167). Mr. Chishti waited until August 28, 2025, to
move to amend his Counterclaim. He did not include Judge
Francis's Order in his filing, even though the Order served as
the foundation for the motion. The Court was not able to see
Judge Francis's Order until plaintiffs filed it with a motion on
September 26, 2025. (Dkt. No. 169). Mr. Chishti's sloppy and
irresponsibly careless practices by fits and starts are
unacceptable.

Separately, Mr. Chishti moves to disqualify Cleary Gottlieb
Steen & Hamilton LLP ("Cleary Gottlieb") as counsel for
plaintiffs. (Dkt. No. 168). At present, the claim that Cleary
Gottlieb should be disqualified as conflicted lacks support and
is denied.

So ordered.

Dated:    New York, New York
          October 7, 2025

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                    U.S.D.J.

- 1 -

# SheppardMullin

**MEMO ENDORSED**

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com

202.747.1862 direct
bchew@sheppardmullin.com

August 28, 2025

**VIA ECF**

Honorable Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *The Resource Group International Limited, et al. v. Chishti*, No. 23-cv-1760 –
       Request to file Motion for Leave to Amend Counterclaim

Dear Judge Stanton:

   We write on behalf of Defendant Mr. Chishti in the above-referenced matter. This action concerns Mr. Chishti's claims in an underlying arbitration presently pending before the Honorable James C. Francis IV (JAMS Ref. No. 5425000957) (the "Arbitration"). Mr. Chishti respectfully requests the Court's permission to file a motion for leave to amend his Counterclaim pursuant to Fed. R. Civ. P. 15(a)(2) and 20 for two reasons.[1] First, Mr. Chishti seeks to add new counterclaim defendants to the proceeding. This request stems from Judge Francis' order that Mr. Chishti seek guidance from this Court regarding whether any of Mr. Chishti's claims are barred by the January 10, 2022 Release Agreement as to Arbitration Respondent Pinebridge Global Emerging Markets Partners II, L.P. ("GEM-II").[2] Second, Mr. Chishti seeks to bring the current, operative Arbitration demand before the Court. On June 4, 2025, with leave from Judge Francis, Mr. Chishti filed his Second Amended Demand, which is now the operative demand in the Arbitration. The arbitration demands referenced in the Complaint and original Counterclaim in this case are now moot, thus, it is necessary to amend Mr. Chishti's pleading to bring the operative demand before the Court. ***Plaintiffs have consented to the proposed Amended Counterclaim***. For these reasons, good cause exists to allow Mr. Chishti to file his motion.

   As the Court is aware, Plaintiffs initiated this litigation on March 1, 2023, alleging Mr. Chishti's claims in the Arbitration (filed on February 14, 2023) are barred by a Release Agreement.

---

[1] A copy of Mr. Chishti's proposed Amended Counterclaim is attached hereto as Exhibit 1. A redline against Mr. Chishti's original Counterclaim (ECF No. 65) is attached as Exhibit 2.

[2] Although it does not appear Mr. Chishti is required to obtain leave of court to add new parties (*see, e.g.*, *Texwood Ltd. v. Gerber*, 40 Fed. R. Serv. 2d 907 (S.D.N.Y. 1985)), we understand it is common practice in the SDNY, and out of an abundance of caution, seek the Court's leave.

Honorable Louis L. Stanton, U.S.D.J.
August 28, 2025
Page 2

Simultaneously therewith, Plaintiffs sought a preliminary injunction enjoining the Arbitration, which this Court denied. Plaintiffs appealed, and while that appeal was pending, Mr. Chishti moved for leave from Judge Francis to file his proposed Second Amended Demand for Arbitration. The Second Circuit issued its decision three days later, on January 22, 2024, instructing the Court to "determine the scope of the Release Agreement and thereby consider which claims are arbitrable in the first instance for purposes of ruling on the preliminary injunction." As a result, Judge Francis stayed the Arbitration on February 1, 2024, pending this Court's determination of the arbitrability of Mr. Chishti's claims in light of the Release Agreement.

Subsequent to this Court's October 9, 2024 ruling on Mr. Chishti's request for a preliminary injunction (Docket No. 151), and the denial of Respondents' motion for reconsideration (Docket No. 161), Judge Francis lifted his stay of the Arbitration on October 31, 2024, ordering the parties to complete briefing on the amendment of Mr. Chishti's claims. On February 20, 2025, Judge Francis granted, in part, Mr. Chishti's pending request for leave to amend. After additional briefing in the Arbitration, and consistent with Judge Francis' order, Mr. Chishti filed his Second Amended Demand in the Arbitration on June 4, 2025.

Mr. Chishti's request to this Court follows Judge Francis's July 23, 2025 Order requiring Mr. Chishti to move by August 29, 2025 for a determination by the Court regarding which of his claims in the Second Amended Demand for Arbitration survive the Release Agreement. Judge Francis also instructed Mr. Chishti to obtain a ruling from this Court "that the claims against GEM II survive the Release Agreement."

Mr. Chishti respectfully submits that the Court should grant Mr. Chishti leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). Courts in the Southern District of New York *liberally* grant such leave, "freely giv[ing] [it] when justice so requires," as "[l]iberal amendment[s] promote[] judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." Fed. R. Civ. P. 15(a)(2); *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020) (citation omitted). Leave may be denied only for "good reason," such as undue delay, bad faith, futility, or undue prejudice to the opposing party. *See Shi Ming Chen*, 437 F. Supp. 3d at 364 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). The same liberal standard applies to joinder of additional parties. *See, e.g.*, *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) ("The requirements of Fed.R.Civ.P. 20(a) are to be interpreted liberally 'to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'") (citation omitted).

Here, Plaintiffs have consented to Mr. Chishti's amended counterclaim as both sides recognize it is necessary to bring the operative arbitration demand before the Court. As to the addition of GEM-II and Mr. Ali Jameel as parties, it is necessary (a) to avoid multiple litigations dealing with the exact same issue (whether the Release Agreement bars Mr. Chishti's arbitration claims); and (b) to comply with Judge Francis' order that Mr. Chishti obtain a ruling as to the

Honorable Louis L. Stanton, U.S.D.J.
August 28, 2025
Page 3

Release Agreement and GEM-II. Thus, amendment will promote efficiency, judicial economy, and alignment, particularly since GEM-II, a respondent in the Arbitration, has refused to intervene as a Plaintiff in this litigation, despite its previous representations that it would do so.

Therefore, consistent with both Judge Francis' directives and the parties' correspondence with the Tribunal, amendment of Mr. Chishti's counterclaim in this matter is necessary. Accordingly, Mr. Chishti intends, with this Court's permission, to promptly move for leave to amend his counterclaim on August 29, 2025, or otherwise within 24 hours of the Court's authorization to file. If the Court believes a motion is not necessary, Mr. Chishti is prepared to file his amended counterclaim directly anytime.

We thank the Court for its continued attention to this matter and are, of course, available to address any questions or provide any further information.

Sincerely,

Benjamin G. Chew

Benjamin G. Chew
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP