ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 230
DATE FILED: 7/1/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE RESOURCE GROUP INTERNATIONAL
LIMITED, et al.,

                     Plaintiffs,

      - against -

MUHAMMAD ZIAULLAH KHAN CHISHTI,

                     Defendant.

23 Civ. 01760 (LLS)

OPINION & ORDER

Plaintiffs The Resource Group International Limited ("TRG-I"), Mohammed Khaishgi, Hasnain Aslam, and TRG Pakistan Limited ("TRG-P") (collectively "Resource Group") move to enjoin litigation filed in Pakistan by defendant Muhammad Ziaullah Khan Chishti. Dkt. Nos. 218, 220. For the following reasons, plaintiffs' motion is denied.

### Background

The Court presumes familiarity with the facts of this case and recites only those necessary to resolve the pending motion.

On March 22, 2025, Chishti filed a lawsuit before the Sindh High Court in Pakistan alleging TRG-P violated Pakistan law by circularly funding Greentree Holdings Limited's ("Greentree") tender offer and takeover attempt. See Dkt. No. 218-1 at ¶ 1 (hereinafter "JCM 12"). The complaint also alleged TRG-P unlawfully delayed its board of directors' election. Id. at ¶¶ 14-15. Chishti prevailed, and the Sindh High Court ordered TRG-P

- 1 -

to rescind its shares held by its subsidiary and hold a board election. Dkt. No. 218-3 at ¶ 72. On June 4, 2026, Chishti filed a criminal contempt petition in Pakistan to secure compliance with the Sindh High Court's order. See Dkt. No. 218-6 (hereinafter "Contempt Petition").

On June 9, 2026, Resource Group filed an "Emergency Order Request" before this Court to enforce the Court's May 12 Order by enjoining JCM 12 and the Contempt Petition.[1] Dkt. No. 211 (hereinafter "May 12 Order"). The May 12 Order held Chishti released some, but not all, claims he raised in arbitration when he signed an agreement releasing "any and all demands, actions, causes of action, suits, counterclaims, set-offs, defenses, controversies, acts and omissions, liabilities and other claims" from "the beginning of time up through" January 10, 2022 (the "Released Claims"). Dkt. No. 176-3. Resource Group asserted JCM 12 and the Contempt Petition are based on Released Claims.

On June 10, 2026 the Court issued a temporary restraining order and ordered supplemental briefing to determine the scope and procedural posture of the Pakistan litigation. Dkt. No. 222.

## Legal Standard

"It is beyond question that a federal court may enjoin a party before it from pursuing litigation in a foreign forum."

---

[1] Resource Group also attempted to enjoin Suit 23354 of 2025 before the Lahore Civil Court; however, it later withdrew this claim because the Lahore Civil Court dismissed the suit. P. Reply Br. at n. 2 (Dkt. No. 225).

Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 652 (2d Cir. 2004) (citing China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 35 (2d Cir. 1987). However, "principles of comity counsel that injunctions restraining foreign litigation be used sparingly and granted only with care and great restraint." Paramedics, 369 F.3d at 652 (internal quotations omitted).

"An anti-suit injunction against parallel litigation may be imposed only if: (A) the parties are the same in both matters, and (B) resolution of the case before the enjoining court is dispositive of the action to be enjoined." Id. "Once past this threshold, courts are directed to consider a number of additional factors, including whether the foreign action threatens the jurisdiction or the strong public policies of the enjoining forum." Id.

## Discussion

### I.    Local Civil Rule 7.1(e)

Resource Group's motion is procedurally and substantively improper. The Court's Rules do not permit a motion for injunctive relief to be brought by letter motion. See Local Civil Rule 7.1(e). Plaintiffs attempt to skirt this rule, and the due process protections offered by Federal Rule of Civil Procedure 65, by filing their letter as an "emergency" motion to enforce. The relief they seek is plainly a preliminary

- 3 -

injunction. Plaintiffs concede as much when they later attempt to convert their letter into a motion for preliminary or permanent injunctive relief. P. Reply Br. at 1.

Resource Group maintains that "[t]he Court need not expressly enter an anti-suit injunction in order to enforce its May 12 Order." P. Reply Br. at 6. But that is precisely the relief plaintiffs seek. Resource Group's proposed injunction explicitly orders Chishti to "withdraw, dismiss, or otherwise terminate the Pakistan Lawsuits[.]" Dkt. No. 226 at 5.

Moreover, Resource Group is indisputably aware of the stringent anti-suit injunction requirements because the Court previously enjoined another suit Chishti filed in Pakistan upon plaintiffs' proper motion for such relief. Dkt. No. 143.

The Court will treat Resource Group's letter as a motion for an anti-suit injunction and apply the familiar China Trade test, which considers whether the parties are the same in both matters and whether resolution of the case before this Court is dispositive of the actions in Pakistan. 837 F.2d at 36.

II.  China Trade Threshold Requirements

a. Identity of Parties

Resource Group satisfies the first China Trade threshold requirement. The parties in both suits significantly overlap; however, Greentree Holdings Limited ("Greentree") is a party to JCM 12 but not to this case. Lack of party identity between the

- 4 -

suits is not fatal, because Greentree is a wholly-owned and controlled subsidiary of a party to this case, TRG-I. Both suits allege Greentree and TRG-I acted in concert to takeover TRG-P, so their interests are aligned. Affiliated parties with "substantially similar" interests satisfy the first China Trade requirement. Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd., 441 F. Supp. 2d 552, 562 (S.D.N.Y. 2006), aff'd, 246 F. App'x 73 (2d Cir. 2007).

b. Dispositiveness of Foreign Suits

Resource Group cannot satisfy the second China Trade requirement because the Court's May 12 Order does not dispose of JCM 12. Chishti's JCM 12 suit raises two distinct, but related, allegations: 1. TRG-P unlawfully delayed a board of directors' election, and 2. TRG-P funds unlawfully financed Greentree's tender offer. The first is quickly disposed of because the May 12 Order did not address, and therefore issued no dispositive ruling on, TRG-P's lapsed board elections.

JCM 12's second allegation merits closer consideration. The apparent trigger for JCM 12 was Greentree's tender offer to acquire TRG-P shares, which was initially filed on the Pakistan Stock Exchange on December 24, 2024 and further disclosed as a formal offer on January 16, 2025. JCM 12 at ¶ 12. However, the tender offers were not disclosed in Chishti's operative arbitration demand before this Court, and in fact Chishti

represented that "none of these three parties [GEM-II, TRG-I and Greentree] ever made such a tender offer, nor did they make any such disclosure[.]" Dkt. No. 176-2 at ¶ 326. Consequently, this Court did not review the tender offer documents, and the May 12 Order does not address whether claims based on the tender offer were released.

It is true that both suits allege TRG-P violated Section 86(2) of the Pakistan Companies Act and Sections 110 and 111 of the Pakistan Securities Act. However, similarity of issues is insufficient to satisfy the second threshold requirement. The resolution of the case before this Court must be dispositive of the Pakistan suits. China Trade, 837 F.2d at 36. The May 12 Order is not because it held alleged violations of Section 86(2) and Sections 110 and 111 were not released. See May 12 Order at 5 (finding Chishti's Fourth Claim arbitrable). The Court also held this in an October 9, 2024 Order, which it later reaffirmed on December 3, 2024. Dkt. Nos. 151, 161.

Resource Group also argues the subject of JCM 12 is a Released Claim regarding a dividend diversion. This characterization is inconsistent with the JCM 12 Complaint and the Sindh High Court's ruling because it collapses two issues: TRG-I diverting dividends and Greentree purchasing TRG-P shares in a takeover attempt. While JCM 12 discusses the dividend diversion, it does so only as context for Chishti's primary

objective: "[H]alt[ing] Greentree from proceeding with its illegal tender offer […] [which is] strictly illegal under Section 86(2) of the Companies Act, 2017." JCM 12 ¶ 1 (cleaned up). Resource Group's assertion that any action flowing from the dividend diversion is released misstates what this Court has thrice held: Greentree's TRG-P share acquisition occurred after Chishti signed the Release Agreement, so claims based on this conduct are not released.

Chishti's Contempt Petition also does not satisfy the China Trade threshold requirements because it does not raise any novel claims outside of those raised in JCM 12. The JCM 12 analysis applies with equal measure to the Contempt Petition.

Because Resource Group has not met the threshold requirements for an anti-suit injunction, the Court need not consider the remaining China Trade factors.

c. Credibility Assessment

The nature of the present motion leads the Court to suspect that the Pakistan courts are sharing the extra burdens imposed on a court by loose, inaccurate, or imaginary statements made by the litigants, which must be taken with special care before they are accepted as credible. We assume that our rulings are distorted in their presentation in Pakistan, as the Pakistan courts' statements are misstated to us. Resource Group waited over a year, while it was aware that claims based on Greentree's

- 7 -

purchase of TRG-P's shares were not released, before filing a motion it called an "emergency motion."

Anti-suit injunctions should be "used sparingly" and "granted only with care and great restraint." China Trade, 837 F.2d at 36. "Those principles suggest that, absent extraordinary circumstances, such injunctions should ordinarily be limited to situations where foreign litigation entirely duplicates domestic litigation." WTA Tour, Inc. v. Super Slam Ltd., 339 F. Supp. 3d 390, 404 (S.D.N.Y. 2018). Here, it does not.

### Conclusion

Resource Group's motion for an anti-suit injunction is denied. Dkt. No. 218. This Order also disposes of TRG-P's letters in support of TRG-I's motion. Dkt. Nos. 220, 227.

So Ordered.

Dated:    New York, New York

July 1, 2026

Louis L. Stanton

LOUIS L. STANTON

U.S.D.J.